**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

SANDRA CARDENAS,

      Plaintiff,

vs.

ST JUDE HEALTH WELLNESS CENTER CORP, a Florida
Profit Corporation, and MARILYN C. RODRIGUEZ DOMINGUEZ, as an
individual,

      Defendants.

_____/

## COMPLAINT

    Plaintiff SANDRA CARDENAS, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendants, ST. JUDE HEALTH WELLNESS CENTER CORP, a Florida profit corporation (hereinafter, "ST. JUDE"), and MARILYN C. RODRIGUEZ DOMINGUEZ, individually, (hereinafter "DOMINGUEZ") collectively ("Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime wages committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the Florida Minimum Wage Act, (hereinafter "FMWA"), and damages for issuance of worthless checks under Florida Statute § 68.065.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, and the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28

1

U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction here as at all material times conducted and continue to conduct business in the Southern District of Florida.

4.  All conditions precedent to the maintenance of this action have been performed or have been waived.

## **PARTIES**

5.  Plaintiff at all times pertinent to this complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6.  During all times relevant to this Complaint, Plaintiff was employed by Defendants as a therapist. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7.  ST. JUDE is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida.  Defendant ST JUDE had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

8.  ST. JUDE is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9.  At all times material to this Complaint, ST. JUDE employed at least ten (10) employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Specifically, Defendant ST. JUDE, provides physical medicine and rehabilitation medicine services in Florida including diagnosing, evaluating, and treating patients with physical disabilities.

11. Defendant ST. JUDE has been at all times material engaged in interstate commerce in the course of its provision of medical care, diagnosis, and treatment. Specifically, ST. JUDE engaged in interstate commerce in the course of its use of electronic tablets, and other medical supplies that were manufactured and/or assembled outside of the State of Florida and maintained with materials and supplies from outside of the State of Florida.

12. Furthermore, Defendant ST. JUDE engaged in interstate commerce in the course of its submission of billings and receipt of payment involving out-of-state medical payors, out-of-state insurers, and/or the United States government.

13. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce.

14. Defendant ST JUDE upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

15. Defendant DOMINGUEZ is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, ST. JUDE.

16. Defendant DOMINGUEZ acted directly in the interest of her company, ST JUDE. Upon all available information, DOMINGUEZ controlled the manner in which Plaintiff performed her work and the pay she was to receive.

17. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

18. All other conditions precedent to this action have been performed or have been waived.

**GENERAL ALLEGATIONS COMMON TO COUNTS I-VI ONLY**

19. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

20. Specifically, Plaintiff performed work for Defendants as a non-exempt therapist from on or about February 2019  until on or about August 2021.

21. At the beginning of Plaintiff's employment, Plaintiff and Defendants entered into a written agreement  that the Plaintiff would work as a therapist for the Defendants and Plaintiff was going to be compensated on a piecework basis.  A copy of the employment agreement is attached hereto as Exhibit A.

22. Defendants established a bi-weekly pay period, such that the employees were supposed to get paid once a week for the fourteen (14) day period ending the immediately preceding. However, since approximately February 2021 the wages due on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late.

23. Defendants' failure to pay in accordance with the scheduled pay dates resulted in Defendants failure to pay the required minimum hourly wage for some of the hours worked by Plaintiff.

24. On April 29, 2021, and August 16, 2021, Defendants issued two checks to Plaintiff in response to her requests for payments of wages due. However, these checks were dishonored by the bank.

25. As a result, Defendants failed to compensate Plaintiff at a rate higher or equal to Florida and federal minimum wage for some of the work performed by Plaintiff during the relevant period.

26. Plaintiff estimates that she is owed at least Seven Thousand Seven Hundred and Sixty Dollars $7,760.00 in unpaid wages.

27. Throughout her employment, Plaintiff was misclassified as an exempt employee of Defendants and was not paid for her overtime.

28. During the course of his employment, Plaintiff regularly worked 45-55 hours per week.

29. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

30. The Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

31. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

32. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

33. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

34. Plaintiff is entitled to her reasonable attorneys' fees and costs if he is the prevailing party in this action.

**GENERAL ALLEGATIONS COMMON TO COUNT VII ONLY**

35. Throughout her employment, Defendants asked to borrow money from Plaintiff's savings to cover business expenses.

36. Defendants promised Plaintiff that they would pay her back, upon receipt of the funds from their pending approval of their pending paycheck protection loan application.

37. In total, Plaintiff lent the Defendants a total of twelve thousand six hundred and seventy-five dollars ($12,675.00).

38. As assurances, Defendants issued Plaintiff three (3) postdated checks each for three thousand, six hundred and seventy-five dollars and twenty for cents $3,675.24. However, one of these three checks was dishonored by the bank.

39. On or about September 3, 2021, Plaintiff attempted to cash check No. 1707, dated September 1, 2021, which was immediately rejected and dishonored by Bank of America.

40. Upon information and belief Defendants issued the worthless check with the intent to defraud Plaintiff. Defendants knew that there were insufficient funds in the account to support the issued instrument.

41. In accordance with Section, 68.065, Florida Statutes, Plaintiff (1) provided written notice to ST JUDE in a substantially similar form as that provided for in the statute and (2) pursuant to the delivery requirements.

42. To date, more than thirty (30) days have lapsed from the date of the receipt of the letter and ST JUDE has failed to pay Plaintiff the amount owed for the dishonored Check.

**COUNT I**
**VIOLATION OF FLSA/UNPAID WAGES**
**against ST JUDE**

43. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1

through 34 of this complaint as if set out in full herein.

44. This action is brought by Plaintiff to recover from Defendant ST JUDE unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

45. At all times during her employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

46. Since the beginning of Plaintiff's employment, ST. JUDE has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due and issuing worthless checks, resulting in the payment of less than the required minimum hourly wage to the Plaintiff.

47. ST. JUDE knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

48. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

49. By reason of the said intentional, willful and unlawful acts of ST JUDE, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

50. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

51. ST. JUDE never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

52. As a result of ST. JUDE'S willful violations of the Act, Plaintiff is entitled to liquidated damages.

53. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ST. JUDE.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant ST. JUDE:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT II</u>
## VIOLATION OF FLSA/OVERTIME
### against ST JUDE

54. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 34 of this complaint as if set out in full herein.

55. This action is brought by Plaintiff to recover from Defendant ST JUDE unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

56. Since the commencement of Plaintiff's employment, ST. JUDE has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

57. Specifically, throughout her employment, Plaintiff regularly worked 45-55 hours during each workweek in which she was employed.

58. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

59. ST JUDE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). ST JUDE business activities involve those to which the Fair Labor Standards Act applies.

60. The Plaintiff was a therapist and was at all relevant times, covered by the FLSA.

61. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee.

62. ST. JUDE has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

63. By reason of the said intentional, willful and unlawful acts of ST. JUDE, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

64. ST. JUDE never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

65. As a result of ST. JUDE' willful violations of the Act, Plaintiff is entitled to liquidated damages.

66. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ST. JUDE.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant ST. JUDE:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest;

   C. Award Plaintiff an equal amount in double damages/liquidated damages;

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
**VIOLATION OF FLSA/UNPAID WAGES**
**against MARILYN C. RODRIGUEZ DOMINGUEZ**

67. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 34 of this complaint as if set out in full herein.

68. At the times mentioned, Defendant MARILYN C. RODRIGUEZ DOMINGUEZ was, and is now, a corporate officer of corporate Defendant, ST. JUDE.

69. MARILYN C. RODRIGUEZ DOMINGUEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that MARILYN C. RODRIGUEZ DOMINGUEZ acted directly in the interests of Defendant ST JUDE in relation to its employees including Plaintiff.

70. Specifically, MARILYN C. RODRIGUEZ DOMINGUEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

71. MARILYN C. RODRIGUEZ DOMINGUEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

72. Defendant MARILYN C. RODRIGUEZ DOMINGUEZ willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant MARILYN C. RODRIGUEZ DOMINGUEZ:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
### VIOLATION OF FLSA/OVERTIME
### against MARILYN C. RODRIGUEZ DOMINGUEZ

73. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 34 of this complaint as if set out in full herein.

74. At the times mentioned, Defendant MARILYN C. RODRIGUEZ DOMINGUEZ was, and is now, a corporate officer of corporate Defendant, ST JUDE.

75. MARILYN C. RODRIGUEZ DOMINGUEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that MARILYN C. RODRIGUEZ DOMINGUEZ acted directly in the interests of Defendant ST JUDE in relation to its employees including Plaintiff.

76. Specifically, MARILYN C. RODRIGUEZ DOMINGUEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

77. MARILYN C. RODRIGUEZ DOMINGUEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

78. Defendant MARILYN C. RODRIGUEZ DOMINGUEZ willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
### VIOLATION OF FMWA
### against ST. JUDE

79. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 34 of this complaint as if set out in full herein.

80. Plaintiff brings this action under Florida Statutes § 448.01 *et seq*. and/or common law for unpaid wages.

81. ST JUDE failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during her employment with ST JUDE as alleged above.

82. Plaintiff sent a written demand for these payments dated October 15, 2021. ST JUDE has failed to make any payments in accord with that demand.

83. As a direct result of ST JUDE'S failure to pay Plaintiff, she has been damaged by not receiving wages due to her for work she performed on behalf of ST JUDE.

84. Because this is an action for unpaid wages, Plaintiff demands payment of her attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows against Defendant ST JUDE:

    A.  Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

    B.  Liquidated damages;

    C.  Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

    D.  Such other and further relief as the court deems proper.

<u>**COUNT VI**</u>
**VIOLATION OF FMWA**
**against MARILYN C. RODRIGUEZ DOMINGUEZ**

85. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 34 of this complaint as if set out in full herein.

86. Plaintiff brings this action under Florida Statutes § 448.01 *et seq*. and/or common law for unpaid wages.

87. MARILYN C. RODRIGUEZ DOMINGUEZ failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during her employment with Defendants as stated above.

88. Plaintiff sent a written demand for these payments dated October 15, 2021. DOMINGUEZ has failed to make any payments in accordance with that demand.

89. As a direct result of MARILYN C. RODRIGUEZ DOMINGUEZ's failure to pay Plaintiff, she has been damaged by not receiving wages due to her for work she performed on behalf of

Defendants.

90. Because this is an action for unpaid wages, Plaintiff demands payment of her attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows against Defendant MARILYN C. RODRIGUEZ DOMINGUEZ:

    A.  Wages, salary, lost benefits, and any other compensation for which Defendant failed to pay Plaintiff;

    B.  Interest on the amount found due;

    C.  A jury trial on all issues so triable; a

    D.  Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action under Florida Statutes § 448.08; and

    E.  Such other relief as the Court deems just and proper.

**<u>COUNT VII</u>**
**VIOLATION OF SECTION 68.065, FLORIDA STATUTES**
**against DEFENDANTS**

91. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 42 of this complaint as if set out in full herein.

92. On or about April 29, 2021, DOMINGUEZ issued and delivered to Plaintiff check No. 1607 drawn from ST. JUDE's account at Bank of America in the face amount of Two Thousand Nine Hundred and Sixty Dollars ($2,960.00) ("worthless check No. 1607") to compensate Plaintiff for some of the work performed during April 5, 2021-April 16, 2021.

93. Plaintiff attempted to cash worthless check No. 1607, which was rejected by Bank of America.

94. On or about August 16, 2021, DOMINGUEZ issued and delivered to Plaintiff check No. 1704 drawn from ST. JUDE's account at Bank of America in the face amount of Four Thousand Eight Hundred Dollars ($4,800.00) ("worthless check No. 1704") to compensate Plaintiff for some of the work performed during the month of May 2021.

95. Plaintiff attempted to cash worthless check No. 1704, which was immediately rejected and dishonored by Bank of America.

96. On or about September 1, 2021, DOMINGUEZ issued and delivered to Plaintiff check No. 1707 drawn from ST. JUDFE's account at Bank of America in the face amount of Three Thousand Six Hundred and Seventy Five Dollars and twenty for Cents ($3,675.24) ("worthless check No. 1707") to compensate Plaintiff for some of the money Defendants borrowed from Plaintiff.

97. Plaintiff attempted to cash worthless check No. 1707, which was immediately rejected and dishonored by Bank of America.

98. Upon information and belief Defendants issued the worthless checks with the intent to defraud Plaintiff. Defendants and their representatives knew that there were insufficient funds in the account to support the issued instruments.

99. On or about September 2, 2021, Plaintiff submitted a written notice to DOMINGUEZ of the worthless checks and demand for payment via email.

100.   On or about October 15, 2021, Plaintiff through her counsel, submitted a written notice of the worthless check and demand for payment via certified mail as required by Section 68.065 Florida Statutes to Defendants.

101.    As provided for in Section 68.065, Florida Statutes, the letter demanded payment from Defendants within (30) days of the date of the letter for the full amount of the dishonored checks plus a five percent (5%) service charge.

102.    In accordance with Section, 68.065, Florida Statutes, Plaintiff (1) provided written notice to Defendants in a substantially similar form as that provided for in the statute and (2) pursuant to the delivery requirements.

103.    To date, more than thirty (30) days have lapsed from the date of the receipt of the letter and Defendants have failed to pay Plaintiff the amount owed for the Dishonored Checks.

104.    Defendants are in violation of Section 68.065, Florida Statutes for failing to make payment to Plaintiff in the amount owed for the dishonored checks.

105.    As a consequence of the Defendants' issuance of the worthless checks, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A.  Award Plaintiff actual damages in the amount on the worthless checks;

B.  Award Plaintiff three times the amount of each instrument in treble damages/liquidated damages pursuant to the Statute;

C.  Assessment against Defendants of reasonable costs and, pursuant to Florida Statute, reasonable attorney's fees of this action; and

D.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## **DEMAND FOR JURY TRIAL**

Plaintiff, SANDRA CARDENAS demands trial by jury on all issues and all counts of this

Complaint so triable as a matter of right.

Dated: January 12, 2022                    **PEREGONZA THE ATTORNEYS, PLLC**

                                           1414 NW 107th Ave,
                                           Suite 302
                                           Doral, FL 33172
                                           Tel. (786) 650-0202
                                           Fax. (786) 650-0200

                                           By: /s/ Nathaly Saavedra
                                           Nathaly Saavedra, Esq.
                                           Fla. Bar No. 118315
                                           Email: nathaly@peregonza.com